*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Criminal No.: 11-452 (FLW) |
| v. | : | OPINION |
| FRANKIE TAYLOR, | : | |
| Defendant. | : | |

**WOLFSON, District Judge:**

Before the Court is Defendant Frankie Taylor's ("Defendant") motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Defendant, one of multiple defendants in this criminal case, was indicted on six counts of drug-related crimes. Specifically, the first three counts charged Defendant with conspiracy to distribute 5 kilograms or more of cocaine, 28 grams or more of crack cocaine, and 100 grams or more of heroin, respectively. Defendant was also charged with two counts of possession with the intent to distribute. The last count charged Defendant with the use of a firearm in connection with or in furtherance of a drug trafficking crime. During the trial, Defendant moved for a judgment of acquittal of all counts at the close of the Government's case. At that time, the Court dismissed, on the record, the two possession counts based on the Government's failure to prove by a preponderance of evidence venue in this district. As to all other remaining charges, the Court reserved its decision pursuant to Rule 29(b). After the trial ended, the jury found Defendant not guilty of the firearm crime; however, Defendant was found guilty on all three conspiracy counts.

In the present matter, Defendant renews its motion for a judgment of acquittal pursuant to Rule 29(c). In his motion, Defendant argues that there was insufficient evidence to support a conviction as to any of the conspiracy counts, and that a judgment of acquittal should be entered as to each of these three counts.[1] In this Opinion, the Court renders its decision as to Defendant's Rule 29 motion made at the close of the Government's case, as well as his renewed motion after the verdict. For the following reasons, Defendant's motions are **DENIED**.

**BACKGROUND**

The Court will only recount facts relevant to the motion at hand. Commencing on May 21, 2012, for over a month, the Government presented a number of witnesses and introduced over three hundred wiretap calls and a collection of surveillance video footage as evidence which it contends demonstrate that Defendant knowingly and intentionally conspired with other co-defendants to distribute illegal controlled substances, i.e., cocaine, crack cocaine and heroine, in violation of 21 U.S.C. § 846. The Government argues, inter alia, that the totality of the calls and video clips prove beyond a reasonable doubt that Defendant was a part of a larger drug enterprise, led by co-defendant Carl Barnett, in which the members of that enterprise conspired to distribute illegal substances.

Maintaining his innocence, Defendant argues that the evidence presented by the Government is limited and tenuous, because the Government was only able to show through the wiretap calls and surveillance videos that Defendant was merely present at certain drug transactions, and that he did not participate or have knowledge that the transactions were illegal in nature. Rather, Defendant submits that he was simply an employee of Carl Barnett at his auto detailing and body shop; to the

---

[1] Besides the arguments made by the parties before the Court on the record, neither party submitted briefing in connection with the Rule 29 motion.

extent the Government's evidence tended to link Defendant to certain drug transactions that took place where he worked, he was simply following orders given by Barnett that he believed were part of his normal work duties. In addition, Defendant claims that because he was also hired by Barnett to promote Barnett's music business, he performed certain duties related to that business at Barnett's directions. In that regard, Defendant contends that when weighing all the Government's evidence, there is nothing that would prove beyond a reasonable doubt that Defendant had any knowledge, or that he was aware, that he took part in a drug conspiracy.

## DISCUSSION

**I.  Standard of Review**

Federal Rule of Criminal Procedure 29 provides that the district court, upon the motion of a defendant or upon its own motion, shall enter a judgment of acquittal if "the evidence is insufficient to sustain a conviction." Fed. R. Crim.P. 29(a). In ruling on a Rule 29 motion, the district court must determine whether any rational trier of fact could have found proof of the defendant's guilt beyond a reasonable doubt based upon the available evidence presented at trial. United States v. Smith, 294 F.3d 473, 478 (3d Cir. 2002), (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). In that connection, the Third Circuit has cautioned strongly that the district court "be ever vigilant in the context of…[a Rule 29 motion] not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury." United States v. Flores, 454 F.3d 149, 154 (3d Cir. 2006).

The Court must view the evidence in its entirety, and in the light most favorable to the Government. United States v. Hoffecker, 530 F.3d 137, 146 (3d Cir. 2008). The Government is also entitled to "the benefit of inferences that may be drawn from the evidence[,] and the evidence may

be considered probative even if it is circumstantial." United States v. Patrick, 985 F. Supp. 543, 548 (E.D.Pa. 1997) (citing United States v. Pecora, 798 F.2d 614, 618 (3d Cir. 1986)); see also United States v. Griffith, 17 F.3d 865, 872 (3d Cir. 1994). Hence, the movant bears a heavy burden establishing that the evidence presented by the Government during trial was insufficient to support a conviction. See United States v. Gonzalez, 918 F.2d 1129, 1132 (3d Cir. 1990); United States v. Young, 334 Fed. Appx. 477, 480 (3d Cir. 2009) (the movant "bears a heavy burden in light of our 'particularly deferential' standard of review in cases challenging the sufficiency of the evidence" (citations omitted)).

In fact, the Third Circuit has cautioned that acquittal should "be confined to cases where the prosecution failure is clear." Smith, 294 F.3d at 477; United States v. Leon, 739 F.2d 885, 891 (3d Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)). "The evidence need not unequivocally point to the defendant's guilt as long as it permits the jury to find the defendant guilty beyond a reasonable doubt." United States v. Pungitore, 910 F.2d 1084, 1129 (3d Cir. 1990). "[T]he question is whether reasonable minds [would find] guilt beyond a reasonable doubt, not whether reasonable minds must [find] guilt beyond a reasonable doubt." United States v. Ellisor, 522 F.3d 1255, 1271 (11th Cir. 2008). The jury is free to draw between reasonable interpretations of the evidence presented at trial. United States v. Browne, 505 F.3d 1229, 1253 (11th Cir. 2007). Accordingly, an acquittal should only be reserved for those instances in which "no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." United States v. Salmon, 944 F.2d 1106, 1113 (3d Cir. 1991); United States v. Coleman, 811 F.2d 804, 807 (3d Cir. 1987).

Because the Court reserved its decision on Defendant's Rule 29 motions, "it must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Civ. P. 29(b). Therefore, the Court will first assess evidence presented in the Government's case, and then assess all the evidence at the close of Defendant's case.

## II. Conspiracy

### A. Government's Case

Since Defendant was found guilty of conspiracy, the Court focuses on the following essential elements of that crime: "(1) a shared 'unity of purpose,' (2) an intent to achieve a common goal, and (3) an agreement to work together toward the goal." United States v. Mastrangelo, 172 F.3d 288, 292 (3d Cir. 1999); United States v. Bobb, 471 F.3d 491, 494 (3d Cir. 2006). "The elements of conspiracy . . . can be proven entirely by circumstantial evidence." See United States v. Brodie, 403 F.3d 123, 134 (3d Cir. 2005); Young, 334 Fed. Appx. at 481. Indeed, "[a] jury may infer guilt from the surrounding circumstances and presume that a defendant acting in furtherance of a conspiracy is a knowing participant therein. An agreement may be inferred from circumstantial evidence that indicates concerted action." United States v. Delgado-Uribe, 363 F.3d 1077, 1083 (10th Cir. 2004); United States v. Gibbs, 190 F.3d 188, 197 (3d Cir. 1999)( "[t]he existence of a conspiracy 'can be inferred from evidence of related facts and circumstances from which it appears as a reasonable and logical inference, that the activities of the participants . . . could not have been carried on except as the result of a preconceived scheme or common understanding.'" (quoting Kapp, 781 F.2d at 1010 (internal quotation omitted)). The inference of an agreement must be more than mere speculation and conjecture. See United States v. Jones, 44 F.3d 860, 865 (10th Cir. 1995). Moreover, "[t]he government need not prove that each defendant knew all of the conspiracy's details, goals, or other

participants." Gibbs, 190 F.3d at 198 (citing United States v. Theodoropoulos, 866 F.2d 587, 593 (3d Cir. 1989), overruled on other grounds by United States v. Price, 13 F.3d 711, 727 (3d Cir. 1994)). However, the government must proffer sufficient evidence from which a jury could have concluded that drug transaction in which the defendant was involved was "a step in achieving the conspiracy's common goal of distributing [illegal drugs] for profit." Theodoropoulos, 866 F.2d at 593.

The Court recognizes that although mere presence is insufficient to support a conviction for conspiracy, as Defendant vehemently points out, the jury was certainly permitted to consider Defendant's presence as a probative factor in determining whether he knowingly and intentionally participated in a criminal scheme. See United States v. Hernandez, 433 F.3d 1328, 1333 (11th Cir. 2005). "[T]he question is whether there is enough evidence to tie [Defendant] to the criminal activities . . . . [O]nce a conspiracy is established[,] only a slight connection to the conspiracy is necessary to support a conviction . . . . The term 'slight connection' means that [Defendant] need not have known all the conspirators, participated in the conspiracy from its beginning, participated in all its enterprises, or known all its details." United States v. Reed, 575 F.3d 900, 924 (9th Cir. 2009) (quoting United States v. Herrera-Gonzalez, 263 F.3d 1092, 1095 (9th Cir. 2001)). On that point, for instance, the Second Circuit has explained:

> [Defendant] [] contends that the evidence merely showed that he was present at the scene of a crime, rather than actually involved in criminal activity. Although we have "repeatedly emphasized" that a defendant's "mere presence" at a crime scene or "association with conspirators" does not establish "intentional participation in the conspiracy, even if the defendant has knowledge of the conspiracy," United States v. Samaria, 239 F.3d 228, 235 (2d Cir. 2001), overruled on other grounds by United States v. Huezo, 546 F.3d 174, 180 n.2 (2d Cir. 2008), a defendant's knowing and willing participation in a conspiracy nevertheless may be inferred from his "presence at critical

> stages of the conspiracy that could not be explained by happenstance," or by a "lack of surprise when discussing the conspiracy with others." [United States v. Aleskerova, 300 F.3d 286, 293 (2d Cir. 2002).] It may also be established by "evidence that the defendant participated in conversations directly related to the substance of the conspiracy[,] possessed items important to the conspiracy," id., or engaged in acts "exhibit[ing] a consciousness of guilt." United States v. Gordon, 987 F.2d 902, 907 (2d Cir. 1993). Here, the evidence showed that [defendant's] presence at critical stages of the conspiracy could not be explained by happenstance . . . .

United States v. Blackwood, 366 Fed. Appx. 207, 210 (2d Cir. 2010). Accordingly, coupled with other evidence, the Court finds that Defendant's presence at the drug transaction is the type of evidence the jury was entitled to consider.

Here, viewed in the light most favorable to the Government, the circumstantial evidence presented by the Government was sufficient for a reasonable jury to infer that Defendant, along with other co-defendants, had a unity of purpose, intended to achieve a common goal of distributing illegal drugs, and agreed to work together toward that goal. Contrary to Defendant's argument, although no government witness testified about, and no wiretap calls revealed, an express agreement between Defendant and the other co-conspirators, the Government presented ample evidence that may allow the jury to infer reasonably that such an agreement existed and that Defendant carried out certain acts that were in furtherance of the conspiracy beyond his mere presence at certain drug transactions. Without delving into details, the Court will discuss pertinent evidence that a reasonable jury could consider in finding that Defendant knowingly participated in a drug conspiracy.

First, to set the stage, the Government introduced various calls which highlighted certain code words - particularly, music terms – the co-conspirators used with each other to denote, among other things, illegal substances. For clarification, the Government introduced the testimony of Agent

Hilton, who testified as to the usage of those code words among drug dealers. Indeed, in various wiretap calls, Defendant was recorded using these code words when speaking to other co-conspirators, particularly, Carl Barnett. The Court notes that while there were a limited number of calls relating to music, it is certainly reasonable for a jury to conclude that there were a great deal of calls between the co-conspirators and Defendant relating to drugs as well. In that connection, a jury could conclude from the context of the calls that Defendant may have acted at the direction of Barnett – as Barnett's right-hand man – to further the conspiracy. For example, the jury saw a pole camera footage from April 6, 2011, and at the beginning of that footage, Defendant and Smith, a co-conspirator, were seen together; then, Barnett met with them after a short period of time to deliver the so-called "CDs," which denotes drugs. The jury could conclude from the evidence surrounding that transaction that Defendant was acting on behalf of Barnett on that day to transact with Smith. Importantly, there were other similar type of transactions involving Defendant which were evident from the wiretap calls and surveillance footage. Thus, a jury could find that Defendant knowingly participated in a drug conspiracy.

Perhaps, most damming of the evidence for the jury to consider is the connection between Defendant and the "studio," owned by Barnett, where Defendant stayed on occasion. This is important because in addition to personal items that were linked to Defendant, there were also drug related items found in the room Defendant occupied. See, e.g., United States v. Gordon, 341 Fed. Appx. 588, 591 (11th Cir. 2009)("[a] rational trier of fact could conclude there was a conspiracy to possess and distribute cocaine, as a search of the hotel room in which . . . [the defendants] were staying revealed cocaine, bundles of cash . . . and drug paraphernalia. Considering [defendant's]

inhabitation of the hotel room, and also his past involvement in drug offenses, a rational trier of fact could conclude [defendant] knew of the conspiracy's objective and knowingly participated in it").

Having consider the totality of the evidence presented by the Government, the Court finds that there was sufficient evidence for a reasonable jury to find that Defendant was not merely present at the drug transactions, but rather, Defendant knew that drugs were being sold, and that he had an agreement with other co-conspirators to achieve the objectives of the conspiracy. Certainly, the jury was entitled to weigh the evidence and credibility of the witnesses and draw a conclusion as to Defendant's role, if any, in the conspiracy.

### B. Defendant's Case

Defendant, himself, took the stand to testify, as did his mother. While Defendant had offered certain explanations as to why he was present at certain drug transactions, the jury was free to assess Defendant's credibility. The jury ultimately found Defendant guilty. Having already determined that there was sufficient evidence provided by the Government for a jury to find Defendant guilty of the charges against him, that Defendant's case failed to persuade the jury that Defendant was not a part of the drug conspiracy, does not lead to a different result.

Accordingly, Defendant's Rule 29 motions are denied.

DATED: October 22, 2012 /s/ Freda L. Wolfson
The Hon. Freda L. Wolfson
United States District Judge